CHAUFFEURS, TEAMSTERS AND HELPERS, LOCAL UNION NO. 765, Appellant,

v.

STROEHMANN BROTHERS COMPANY.

No. 79–2578.

United States Court of Appeals, Third Circuit.

Argued May 23, 1980.

Decided June 30, 1980.

Rosenn, Circuit Judge, dissented and filed opinion.

Ira H. Weinstock (argued), Paul J. Dellasega, Harrisburg, Pa., for appellant.

Warren M. Laddon (argued), Philadelphia, Pa., Charles A. Caffrey, Williamsport, Pa., for appellee; Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel.

Before SEITZ, Chief Judge and GIBBONS and ROSENN, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

Food Drivers, Salesmen, Dairy & Ice Cream Workers, Local Union No. 765 (the Union), an affiliate of the International Brotherhood of Teamsters, appeals from the order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of Stroehmann Brothers Company (the Employer) in a suit by the Union to compel arbitration of a dispute over a work assignment. We conclude that the trial court erred in deciding a matter that under the collective bargaining agreement should have been referred to arbitration, and we reverse.

The Union and the Employer are parties to a collective bargaining agreement which provides for grievance of "any difference in opinion or dispute between the Company and the employee regarding the interpretation or application of any provision of this Agreement." Article XV. The contract provides for a three-step grievance procedure and provides further that

[i]f a settlement of the grievance is not effected in Step 3, then either party to the Agreement may, within fifteen (15) calendar days, submit the dispute to arbitration under the rules of the American Arbitration Association . . . A copy of the submission must be mailed at the same time to the opposite party.

Article XV(d).

The Union represents truck drivers who, on July 27, 1978 on their return from route deliveries, were directed by a supervisor to run their trucks through a truck washer, a task that previously had been performed by garage personnel. The drivers grieved on

the ground that this direction required them to do other employees' work without pay. The Employer contends that the last grievance meeting took place on August 21, 1978. Negotiations to settle the grievance were unsuccessful. On August 29, 1978 the Union submitted the grievance to the American Arbitration Association, by a letter that advised the Association of the Employer's address. The Union did not notify the Employer of the demand for arbitration until September 18, 1978. Upon receiving this notification, the Employer informed the Union that for three reasons it would not arbitrate the grievances. It contended: (1) that the issue was not arbitrable because work assignment is a management prerogative; (2) that the submission to the American Arbitration Association on August 29, 1978, was not timely; and (3) that the Union's failure to mail a copy of the submission to the Employer at the same time that notice was mailed to the American Arbitration Association excused the Employer from arbitration. The Union's complaint seeking to compel arbitration followed. When the Union moved for summary judgment, the Employer contended that there were genuine issues of material fact bearing on its duty to arbitrate. The trial court denied the Union's motion for summary judgment and entered summary judgment instead in favor of the non-moving party. In so doing it relied upon the language in Article XV(d) of the contract, which provides that

[a] copy of the submission must be mailed at the same time to the opposite party.

Article XV(d). Since it is not disputed that a copy of the submission was not mailed to the Company simultaneously with its mailing to the American Arbitration Association, the court reasoned that arbitration could not be ordered.

■ The parties agree that the underlying dispute concerning the work assignment is arbitrable. They differ over both the significance of the Union's procedural default and whether the significance of that default is arbitrable. The Employer urges that the court, not the arbitrator, must make the determination that all preconditions to arbitration have been met. Plainly, however, the significance of a default in

literal compliance with a contractual procedural requirement calls for a determination of the intention of the parties to the contract. Such a determination is no different in kind from a dispute over a substantive contract provision. Both types of determination are, under the governing case law, matters for the arbitrator.

In *John Wiley & Sons v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), an employer resisted a demand for arbitration because of a procedural default by the Union in pursuing the first two steps of a multi-step grievance procedure. The Court said:

Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration. . . . Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.

*Id.* at 557, 84 S.Ct. at 918. In *International Union of Operating Engineers, Local 150 v. Flair Builders, Inc.*, 406 U.S. 487, 490–91, 92 S.Ct. 1710, 1712, 32 L.Ed.2d 248 (1972) the Court held that a clause providing for arbitration of "any difference" between the parties required submission to the arbitrators of a contention that laches barred arbitration. It rejected the distinction made in the Court of Appeals between intrinsic and extrinsic untimeliness, holding that timeliness of a demand was an arbitrable issue. In this court we have applied the holdings of *John Wiley & Sons* and *Flair Builders, Inc.* to require arbitration both of the underlying dispute and of the defense to arbitration that one party had totally repudiated the contracting containing the arbitration clause. *Controlled Sanitation Corp. v. District 128*, 524 F.2d 1324, 1331 (3d Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1114, 47 L.Ed.2d 319 (1976). The court's role, we held, was to determine whether the

underlying subject matter of the grievance was arbitrable. *Id.* at 1329–32. Once that determination has been made the entire dispute must be resolved by the arbitrator.

The soundness of the rule requiring arbitral resolution even of disputes over the meaning of procedural requirements in a contract is well illustrated by this case. The trial court read the contract clause referring to simultaneous mailing of a copy of the submission to the employer to preclude substantial compliance by having the arbitrator mail the notice. It also read the clause as an absolute precondition to arbitration regardless of the absence of prejudice to the employer. Neither reading is absolutely compelled by the language chosen by the parties, and the Union urges that had the court not sua sponte granted summary judgment the Union could have demonstrated that there were material fact issues over what the parties intended the contract to mean. But even if the Union had been afforded that opportunity the result would be that a dispute over the meaning of the contract would be resolved by a judicial tribunal rather than by the arbitral tribunal which the contracting parties selected to fill in the interstices of the written text. The arbitration clause refers, after all, to "any difference in opinion . . . regarding the interpretation or application of any provision of this Agreement." Article XV.

Having found that there was no disputed fact issue over arbitrability of the underlying grievance, the court erred in deciding the dispute over the related procedural issue. It should have granted the Union's motion for a summary judgment directing the parties to arbitrate.

The Union also contends that the court erred in denying its request for attorneys' fees. In suits to compel one party to submit to arbitration or abide by an award, fees are generally awarded if the defaulting party acted without justification, *Local 149 v. American Brake Shoe Co.*, 298 F.2d 212, 216 (4th Cir. 1962); *United Steelworkers of America v. Interpace Corp.*, 447 F.Supp. 387, 393 (W.D.Pa.1978); *Local 369, American Fed. of Musicians v. Summa Corp.*, 93 L.R.R.M. 2412, 2413 (D.Nev.1976); *NF&M*

*Corp. v. United Steelworkers of America*, 390 F.Supp. 266, 271 (W.D.Pa.), *aff'd on other grounds*, 524 F.2d 756 (3d Cir. 1975); *Sheeder v. Eastern Express, Inc.*, 375 F.Supp. 655, 661 (W.D.Pa.1974), or if the party resisting arbitration did not have a "reasonable chance to prevail," *United Bhd. of Carpenters and Joiners v. American Superior Midwest, Inc.*, 86 L.R.R.M. 2682, 2685 (W.D.Ark.1974); *District 50 UMW v. James Julian, Inc.*, 341 F.Supp. 503, 508 (M.D.Pa. 1972).

The trial court acted on the fee application on the assumption that the Employer was the prevailing party. Because that is no longer the case, it is appropriate that we remand for reconsideration of that application.

The summary judgment in favor of the Employer will be reversed and the case remanded to the district court for the entry of a judgment in favor of the Union on its complaint for an order compelling arbitration, and for reconsideration of its request for attorneys' fees.

ROSENN, Circuit Judge, dissenting.

I believe the issue of the effect of a failure of the Union to mail a copy of the submission to the Company is purely a procedural legal question for the court and not a matter for arbitration. None of the strong policy reasons favoring labor arbitration is implicated in this case. There is no factual dispute calling for the special expertise of the arbitrator. The arbitrator is an expert in the law of the shop, not contract law. The court is quite able to and should determine the effect of a contract provision by discerning the intent of the parties.

The majority reaches its result from, what I believe to be, an overextension of the earlier case law. In *John Wiley & Sons v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), the Court ordered arbitration of a "procedural" issue which called for factual determinations concerning grievance procedures during a merger. In *International Union of Operating Engineers, Local 150 v. Flair Builders, Inc.*, 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972), the Court held the question of laches

was a matter for arbitration. The determination of the laches issue required a factual determination of the conduct of the parties in failing to bring the complaint at an earlier time. In *Controlled Sanitation Corp. v. District 128,* 524 F.2d 1324 (3d Cir. 1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1114, 47 L.Ed.2d 319 (1976), this court determined that the question of repudiation of a contract was one of fact and therefore appropriate for arbitration.

Each of the above cases involved issues of fact "which grow out of the [substantive] dispute and bear on its final disposition." *John Wiley, supra* 376 U.S. at 557, 84 S.Ct. at 918. In this case, there are *no disputed issues of fact.* It is undisputed that the notice was not mailed. The issue of the effect of the failure to mail the notice of submission is completely unrelated to the merits of the dispute. Because I believe neither policy nor prior case law calls for the result reached by the majority, I respectfully dissent. I therefore would affirm the judgment of the district court.