**GLASS, POTTERY, PLASTICS & ALLIED WORKERS INTERNATIONAL UNION and Local Union 423, Glass, Pottery, Plastics & Allied Workers International Union, Plaintiffs,**

v.

**DEENA PRODUCTS COMPANY, INC., Defendant.**

**Civ. A. No. 85–0027–P(J).**

United States District Court,
W.D. Kentucky,
Paducah Division.

March 27, 1986.

---

Segal, Isenberg, Sales, Stewart & Cutler, Irwin H. Cutler, Jr., Louisville, Ky., Carl S. Yaller, House Counsel, Glass, Pottery, Plastics, & Allied Workers Intern. Union, Media, Pa., for plaintiffs.

Samuel E. Hooper, Joseph G. Galagoza, Houston, Tex., for defendant.

## MEMORANDUM

JOHNSTONE, Chief Judge.

This case is before the court on cross motions for summary judgment. Jurisdiction exists under 28 U.S.C. § 1331.

Plaintiffs (Union) filed this action against defendant Deena Products Company (Deena) to compel arbitration, enforce an arbitration award, enforce an agreement relating to a grievance, and recover attorney's fees. The dispute over the enforceability of the agreement relating to a grievance was resolved after this case was filed and is now moot.

A motion for summary judgment is appropriate where there is no dispute of fact and the moving party is entitled to judg-ment as a matter of law. *Fed.R.Civ.P.* 56; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is proper here, for the parties do not dispute the facts and submitted this case for judgment on the record.

## COMPEL ARBITRATION

In *Textile Workers Union of America v. Lincoln Mills of Alabama*, 353 ᵁ.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), the United States Supreme Court held that federal courts have jurisdiction and authority under § 301 of the Labor Management Relations Act (29 U.S.C. § 185), to specifically enforce collective bargaining agreement promises to arbitrate grievances. The Union here seeks to compel Deena to arbitrate a grievance concerning the seniority dates of employees. Deena refuses, claiming that the issue was resolved in a previous grievance in which the arbitrator ruled that the earliest employment starting date for determining seniority was October 21, 1982, the date that Deena purchased a lamp manufacturing plant and rehired some of the former plant's employees. The former employees claimed that seniority should be determined by their starting dates with the former employer.

In *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, , 363 U.S. 574, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960), the court limited judicial inquiry of arbitration disputes to determining whether the reluctant party agreed to arbitrate the particular grievance. In this case, Deena agreed to arbitrate disputes over seniority since seniority is covered in the collective bargaining agreement and since Article XVII of the agreement provides that any dispute arising out of the agreement will be resolved through the grievance and arbitration procedure. However, Deena claims that Article XVII also provides that arbitration decisions are final and binding on the parties, and that it should not be required to rearbitrate an issue already decided.

Although the new grievance is virtually identical to the previous one, this court can

not render a decision on the merits of a grievance. "Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator." *United Steelworkers of America v. America Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). Rather, the issue must be submitted to arbitration and the new arbitrator must decide if, under the language of the collective bargaining agreement, the previous arbitrator's decision is final and binding on this issue.

A similar situation existed in *W.R. Grace and Co. v. Local Union 759, et al.*, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). In that case, W.R. Grace was forced to lay off some male employees, despite seniority, pursuant to a conciliation agreement with the Equal Employment Opportunity Commission. The union filed suit and the district court's ruling in favor of Grace was reversed by the United States Court of Appeals for the Fifth Circuit. Subsequently, an arbitrator denied a grievance of one of the employees and held that Grace could not be penalized for complying with the conciliation agreement. However, a second arbitrator, presented with an identical grievance, held that he was not required to follow the previous arbitrator's decision because the previous arbitrator acted outside the scope of his authority under the collective bargaining agreement. The Supreme Court held that the second arbitrator's decision was enforceable and that the scope of an arbitrator's authority is a question of contract interpretation delegated to the arbitrator. Therefore, regardless of the similarity of the present grievance to the one resolved earlier, the company must submit to arbitration, where the arbitrator will determine the effect of the previous decision on the scope of his authority.

## ENFORCE ARBITRATION AWARD

■ In 1984, an arbitrator ruled that Ronald Lee was improperly discharged from his job at Deena, and ordered the company to reinstate Lee "with full back pay, all benefits and seniority which would have accrued, minus any unemployment benefits the grievant may have received that are not required to be refunded under state law." Deena determined that Lee would not receive back pay for a nineteen-week period in which he would have been laid off anyway, but that he was entitled to $2,705.46 in back pay for the remaining time. Lee received unemployment compensation of $851 during the nineteen-week period and $692 during the remaining period for which he was awarded back pay. The Union objects to Deena's final award to Lee of $890.21, which was computed by subtracting the entire amount of unemployment compensation benefits received (plus taxes), from the total amount of back pay due. The Union claims Deena should not have deducted the $851 Lee received during the period for which he was not awarded back pay.

Deena claims that the state office of Unemployment Insurance told it that all unemployment benefits received should be deducted from the total award of back pay. Deena also states that it has never received a response from that office to its written inquiry concerning the accuracy of its computations. Despite this fact, this court finds that the company erred by deducting the amount of benefits Lee received during the nineteen-week period for which he received no back pay. A deduction of those benefits amounts to compensating Lee zero for that period of time. Therefore, Deena owes Lee $851.

## ATTORNEY'S FEES

■ Both parties request attorney's fees based on the bad faith of the other. In *Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehman Brothers Co.*, 625 F.2d 1092, 1094 (10th Cir.1980), the court held that attorney's fees are generally awarded if the defaulting party acted without justification or if the party resisting arbitration had no reasonable chance of prevailing. In this case, this court does not find that either party acted in bad faith. Both parties adequately supported their arguments and were justified in their actions

with respect to this suit. Therefore, attorney's fees will not be awarded to either party.

An appropriate order shall accompany this memorandum.

## ORDER

In accordance with the memorandum opinion this date entered,

IT IS ORDERED:

1. Plaintiffs' motion for summary judgment is GRANTED with respect to its claims for arbitration and enforcement of an arbitration award;

2. Plaintiffs' motion for summary judgment is DENIED with respect to its claims for enforcing an agreement resolving a grievance and for attorney's fees;

3. Defendant's motion for summary judgment is DENIED;

4. This case is dismissed from the docket.