No. 87–1274. UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, ET AL. *v.* CHEROKEE ELECTRIC COOPERATIVE. C. A. 11th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

This case presents the question whether labor and management may be compelled to arbitrate a grievance that indisputably was filed outside the time limits provided by their collective-bargaining agreement.

The parties to this action entered into a collective-bargaining agreement that provided that "[a]ny grievance not reported within five (5) working days of first knowledge of the occurrence causing the grievance shall be deemed wiaved [sic] and non-existent." The grievance at issue here was not reported within the 5-day period. The employer therefore refused to submit the grievance to arbitration.

The union brought an action to compel arbitration in the District Court for the Northern District of Alabama. The court dismissed the action on summary judgment on the ground that the employer "did not agree to submit to arbitration grievances which on their face are untimely and to which the timeliness issue is not disputed." The court rejected the union's contention that the timeliness issue ought to have been submitted to the arbitrator. "To permit an arbitrator to arbitrate the issue of timeliness where there is no dispute over the facts bearing on the timeliness issue would be to waste the time of the arbitrator and of the parties," reasoned the court, "and if an arbitrator should erroneously find that this particular grievance was timely filed, the finding would be so manifestly arbitrary and capricious as to require a reviewing

court to set it aside." The Court of Appeals for the Eleventh Circuit affirmed summarily. 829 F. 2d 1131 (1987).

The decision in this case conflicts with decisions of several other Federal Courts of Appeals. Those courts have construed our decision in *John Wiley & Sons, Inc.* v. *Livingston*, 376 U. S. 543 (1964), as requiring that the arbitrator resolve all procedural objections to arbitration so long as the subject matter of the grievance is covered by an arbitration agreement. See, *e. g.*, *Niro* v. *Fearn Int'l, Inc.*, 827 F. 2d 173, 175–176 (CA7 1987); *Washington Hospital Center* v. *Service Employees Int'l Union, Local 722*, 241 U. S. App. D. C. 186, 189–191, 746 F. 2d 1503, 1506–1508 (1984); *Automotive, Petroleum & Allied Industries Employees Union, Local 618* v. *Town & Country Ford, Inc.*, 709 F. 2d 509, 511–514 (CA8 1983).

In *Washington Hospital Center*, for example, the union failed to give notice that a grievance had been referred to arbitration within the time specified by the collective-bargaining agreement. It was nonetheless held that the arbitrability of the grievance had to be decided by the arbitrator rather than the courts. The District of Columbia Circuit reasoned that a dispute over " 'the significance of a default in literal compliance with a contractual procedural requirement,' " like a dispute over a substantive contractual provision, requires " 'a determination of the intention of the parties to the contract' " that must be made by the arbitrator. 241 U. S. App. D. C., at 191, 746 F. 2d, at 1508 (quoting *Chauffeurs, Teamsters & Helpers, Local 765* v. *Stroehmann Bros. Co.*, 625 F. 2d 1092, 1093 (CA3 1980)).

I would grant certiorari to resolve the conflict among the Courts of Appeals on this question of federal labor law.