USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1031 LOCAL 285, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, Plaintiff - Appellant, v. NONOTUCK RESOURCE ASSOCIATES, INC., Defendant - Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ David B. Rome, with whom Lois Johnson, Angoff, Goldman, ______________ _____________ _________________ Manning, Pyle, Wanger & Hiatt, P.C., were on brief for appellant. ___________________________________ Albert R. Mason for appellee. _______________ ____________________ August 31, 1995 ____________________ TORRUELLA, Chief Judge. Local 285, Service Employees TORRUELLA, Chief Judge. ___________ International Union, AFL-CIO, CLC ("the Union"), submitted grievances for two discharged employees, Justin Onanibaku (the "Onanibaku grievance") and Mildred Singh (the "Singh grievance"), pursuant to the grievance/arbitration procedure contained in its collective bargaining agreement with Nonotuck Resource Associates, Inc. ("the Company"). The Union alleged that both employees were discharged without "just cause." The Company refused to submit to arbitration, maintaining that neither grievance was arbitrable under the collective bargaining agreement. The Union then filed the instant action in the United States District Court for the District of Massachusetts, pursuant to 301 of the Labor Management Relations Act, 29 U.S.C. 185 (1982), to compel the Company to arbitrate both grievances. Upon cross-motions for summary judgment, the district court ordered the Company to arbitrate the grievances, and rejected both party's motions for attorneys' fees. The Union appeals the denial of its request for attorneys' fees.1 We affirm the denial of attorneys' fees with respect to one of the grievances, reverse the denial of attorneys' fees with respect to the other grievance, and remand the case to the district court for the calculation of fees. DISCUSSION DISCUSSION  ____________________ 1 The Company does not appeal the district court's decision that the grievances are arbitrable. -2- In deciding not to award the Union its attorneys' fees, the district court reasoned that "even though [the Company's] contentions fell short -- a good faith dispute existed as to the proper venue for this case." We review the district court's decision only for "abuse of discretion." Crafts Precision _________________ Indus., Inc. v. Lodge No. 1836, Int'l Assoc. of Machinists, 889 ____________ ___________________________________________ F.2d 1184, 1186 (1st Cir. 1989). A. The Proper Standard A. The Proper Standard ___________________ As an initial matter, the Union argues that the district court analyzed the question of attorneys' fees under an improper standard. The Union argues that the court's use of the phrase "good faith dispute" indicates that it improperly required the Union to show bad faith on the part of the Company as a prerequisite to a fee award. The Union maintains that, under the proper standard, all it needed to show was that the Company's refusal to arbitrate was objectively "without justification" under the terms of the collective bargaining agreement and controlling law, and that the Company's subjective good faith is therefore irrelevant. The Company, on the other hand, argues that the district court correctly applied a bad faith test. Under the so-called "American Rule," absent an authorizing statute or contractual commitment, litigants generally bear their own costs. Aleyska Pipeline Co. v. ______________________ Wilderness Soc'y, 421 U.S. 240, 257 (1974). One of the _________________ exceptions to this rule, however, is that a court may award the prevailing party its attorney's fees if it determines that the -3- losing party has "acted in bad faith, vexatiously, or for oppressive reasons . . . ." Id. at 258-59 (quoting F.D. Rich Co. __ _____________ v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129 _____________ __________________________ (1974)). See also Cote v. James River Corp., 761 F.2d 60, 61 ________ ____ __________________ (1st Cir. 1985). "[T]he term 'vexatious' means that the losing party's actions were 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Washington Hosp. Ctr. v. Service Employees Int'l Union, 746 F.2d _____________________ ______________________________ 1503, 1510 (D.C. Cir. 1984) (quoting Christiansburg Garment Co. ___________________________ v. EEOC, 434 U.S. 412, 421 (1978)). See also Crafts Precision, ____ _________ ________________ 889 F.2d at 1186. It is clear, therefore, that contrary to the Company's assertions, subjective bad faith is not a prerequisite to a fee award. Moreover, contrary to the Union's suggestions, we think that the district court's citation to Courier-Citizen Co. v. ___________________ Boston Electrotypers Union No. 11, 702 F.2d 273, 282 (1st Cir. __________________________________ 1983), which recites a "without justification" test, indicates that the court understood the proper standard, and merely used the term "good faith dispute" to refer to what it considered an objectively and subjectively reasonable dispute between the parties over the interpretation of the collective bargaining agreement and controlling law. We therefore reject the Union's argument that the district court applied an improper standard of review. B. The Two Grievances B. The Two Grievances __________________ -4- The Company refused to arbitrate either grievance on the grounds that they were not arbitrable under the terms of the collective-bargaining agreement. The question on appeal is whether either or both of the grievances were so clearly subject to arbitration under the collective bargaining agreement and controlling law that we can say that the district court abused its discretion in concluding that the Company's refusal to submit to arbitration was not frivolous, unreasonable, or without justification. We begin by recognizing the general rule that when a collective bargaining agreement contains an arbitration clause, such as the one in this case, "a presumption of arbitrability [is created] in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" AT & ____ T Technologies, Inc. v. Communications Workers of Am., 475 U.S. _____________________ ______________________________ 643, 650 (1986) (quoting Steelworkers v. Warrior & Gulf ____________ _________________ Navigation Co., 363 U.S. 574, 582-83 (1960)). It is also true, ______________ however, that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Id. at 648 (quoting Warrior & __ _________ Gulf, 363 U.S. at 582). ____ 1. The Onanibaku Grievance 1. The Onanibaku Grievance _______________________ -5- The Company argued on summary judgment that the Onanibaku grievance was not arbitrable under the collective- bargaining agreement because Onanibaku alleged that his discipline was discriminatorily motivated. Article 5 of the collective bargaining agreement provides that "[n]o dispute regarding alleged discrimination shall be subject to grievance or arbitration unless no remedy therefore is provided by State or federal law." The Union argues that the Company's position was without justification because the terms of the grievance filed by the Union on behalf of Onanibaku alleged merely that he was discharged without just cause; it did not mention discrimination. The Union points out that, as the certified bargaining representative, the labor organization, not the employee, is the master of the grievance. See Republic Steel Corp. v. Maddox, 379 ___ ____________________ ______ U.S. 650, 653 (1965) (union has no duty to pursue unmeritorious grievances); Miller v. United States Postal Serv., 985 F.2d 9, 12 ______ __________________________ (1st Cir. 1993). The Union also points out that it wrote the Company a letter specifically stating that it was not alleging discrimination. We think the district court acted within its discretion in concluding that the Company's defense to the arbitrability of the Onanibaku grievance was not so frivolous, unreasonable, or without justification as to warrant imposition of attorneys' fees. The fact is that Onanibaku alleged, prior to the filing of the grievance, that his discipline was discriminatorily motivated. Moreover, he filed a charge with the Massachusetts -6- Commission Against Discrimination, and filed civil rights complaints with the Northampton Police, alleging that the disciplinary action was discriminatorily motivated. Under these circumstances, we do not find it so unreasonable for the Company to assert the position that a claim of discrimination was at the heart of the Onanibaku grievance, and that the grievance was therefore not arbitrable. This was an issue of "substantive arbitrability," thesignificance ofwhich weshall presentlydiscuss. 2. The Singh Grievance 2. The Singh Grievance ___________________ The Company refused to arbitrate the Singh grievance on the grounds that it was not filed within the time limits established in Article 20 of the collective bargaining agreement. Article 20 provides that any grievance must be presented to the employee's appropriate supervisor "no later than fifteen (15) calendar days following the date of the grievance or the Employee's knowledge of its occurrence." Article 20 also provides: "The time limits provided in this article are conditions precedent for the filing and processing of grievances under this Article." The district court held that the Singh grievance was arbitrable, reasoning that "because an 'untimeliness' defense is a classic case of procedural _______ arbitrability that should be decided by the arbitrator, [the Company's] contention to the contrary will prove unsuccessful." (emphasis added). Again, the court declined to award the Union its attorneys' fees. Our discussion of this issue must begin with the distinction between "substantive arbitrability" and -7- "procedural arbitrability." Substantive arbitrability refers to whether a dispute involves a subject matter that the parties have contractually agreed to submit to arbitration. See International ___ _____________ Bhd. of Elec. Workers, Local 1228, AFL-CIO v. WNEV-TV, New Eng. ___________________________________________ _________________ Television Corp., 778 F.2d 46, 49 (1st Cir. 1985). For example, ________________ the Onanibaku grievance raised a matter of substantive arbitrability -- the parties to the collective bargaining agreement specifically agreed not to arbitrate grievances alleging discrimination. Thus, the question for the district court was whether the Onanibaku grievance alleged discrimination. Procedural arbitrability, on the other hand, concerns such issues as to "whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate." John Wiley & Sons v. Livingston, _________________ __________ 376 U.S. 543, 557 (1964). See also Beer Sales Drivers, Local 744 ________ _____________________________ v. Metropolitan Distribs., Inc., 763 F.2d 300, 302-03 (7th Cir. _____________________________ 1985). In John Wiley, the Supreme Court established that issues __________ of substantive arbitrability are for the court to decide, and issues of procedural arbitrability are for the arbitrator to decide. "Once it is determined [by a court] that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." 376 U.S. at 557. -8- Thirty years of Supreme Court and federal circuit court precedent have established that issues concerning the timeliness of a filed grievance are "classic" procedural questions to be decided by an arbitrator, a description appropriately adopted by the district court. See supra p.7. Unfortunately, the district ___ _____ court failed to properly apply the consequences of this description. Because the law is clear on this issue, and has been for some time, the Company was without justification in refusing to arbitrate the Singh grievance, and in forcing the Union to litigate its arbitrability in federal district court. We conclude that the district court abused its discretion in holding to the contrary. The Company argues that the timeliness requirement was a bargained-for "condition precedent" to arbitration and therefore that it is for the court to decide whether the parties intended to arbitrate this particular grievance. In support of this argument, the Company notes the Supreme Court's statement that "[i]n the absence of any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." AT & T Technologies, 475 U.S. at 650 ___________________ (quoting Warrior & Gulf, 363 U.S. at 584-85). The Company argues ______________ that this is a case of an express provision excluding a particular grievance from arbitration, and maintains that to conclude otherwise is to deprive the Company of the benefits of its bargain. -9- The Company's position misapprehends the distinction between substantive and procedural arbitrability. In John Wiley, __________ the employer maintained that it had no duty to arbitrate because: (1) the collective bargaining agreement set out a three-step grievance procedure, and the first two steps had not been followed, 376 U.S. at 555-56; and (2) the union allegedly failed to comply with the following provision of the agreement: "Notice of any grievance must be filed with the Employer and with the Union Shop Steward within four (4) weeks after its occurrence or latest existence. The failure by either party to file the grievance within this time limitation shall be construed and be deemed to be an abandonment of the grievance." Id. at 556 n.11. __ As noted, the Court held that once it is determined that the parties are obligated to arbitrate the subject matter of the dispute, then any procedural questions growing out of the dispute and bearing on its final disposition should be left to the arbitrator. Id. at 557. __ The John Wiley Court reasoned that, because the role of __________ a reviewing court is only to determine whether the subject matter of the dispute is arbitrable under the agreement, and not to rule on the merits of the dispute, and because procedural questions are often inextricably bound up with the merits of the dispute, procedural questions should be decided by the arbitrator along with the merits. See id. at 557. ___ __ There is no principled distinction between the timing issue deemed procedural in John Wiley and the timing issue in __________ -10- this case. Both are "conditions precedent" to arbitration; but the fact that something is a condition precedent to arbitration does not make it any less a "'procedural' question[] which grow[s] out of the dispute and bear[s] on its final disposition . . . ." The dispute in this case concerns whether Singh was fired without just cause -- a cause of action clearly covered by the arbitration clause contained in the agreement. The Company's timeliness defense is merely a procedural question arising out of that dispute. Supreme Court and circuit court cases demonstrate that this rule is clear and well-established. For example, in International Union of Operating Eng'rs v. Flair Builders, Inc., ________________________________________ ____________________ 406 U.S. 487 (1972), the Supreme Court held that once the court determines that the subject matter of a dispute is covered by the collective bargaining agreement, then a claim by one of the parties that the particular grievance is barred by the equitable defense of laches is a question for the arbitrator to decide. Id. at 491-92. Similarly, in Trailways v. Amalgamated Ass'n of __ _________ ____________________ Street, Elec. Ry. & Motor Coach Employees, 343 F.2d 815 (1st ____________________________________________ Cir.), cert. denied, 383 U.S. 879 (1965), this court rejected the ____________ employer's argument that the union failed to file certain grievances within the time conditions imposed by the collective bargaining agreement. We cited John Wiley for the proposition __________ that: "The company's contention that the union failed to file the grievances relating to discharge of the employees within the requisite time limits, is without merit. It can raise that -11- defense before the arbitrator but not before this court." Id. at ___ 818. See also Bechtel Constr., Inc. v. Laborers' Int'l Union, ________ ______________________ ______________________ 812 F.2d 750, 753 (1st Cir. 1987) (failure to submit grievance to committee, as required by step grievance procedure, is "a classic question of 'procedural arbitrability' for the arbitrator to decide"). The employer in Chauffeurs, Teamsters & Helpers, Local ______________________________________ Union 765 v. Stroehmann Bros. Co., 625 F.2d 1092 (3d Cir. 1980), _________ ____________________ made an argument almost identical to that of the Company in this case. The employer argued that a grievance was not arbitrable because the submission to the American Arbitration Association was untimely, and maintained "that the court, not the arbitrator, must make the determination that all preconditions to arbitration ____________________________ have been met." Id. at 1093 (emphasis added). The court easily __ rejected this argument: [T]he significance of a default in literal compliance with a contractual procedural requirement calls for a determination of the intention of the parties to the contract. Such a determination is no different in kind from a dispute over a substantive contract provision. Both types of determinations are, under the governing case law, matters for the arbitrator. Id. __ A plethora of circuit court cases have interpreted John ____ Wiley in the same or similar fashion. See, e.g., Denhardt v. _____ ___ ____ ________ Trailways, Inc., 767 F.2d 687, 689 (10th Cir. 1985) (dispute as _______________ to employer's compliance with time limit for conducting a hearing is a procedural matter for arbitrator); Beer Sales Drivers, Local _________________________ -12- 744 v. Metropolitan Distribs., Inc., 763 F.2d 300, 302-03 (7th ___ ____________________________ Cir. 1985) (union's alleged failure to submit its members' grievances within time limitation specified in agreement is an issue of procedural arbitrability for arbitrator); Nursing Home & ______________ Hosp. Union 434 v. Sky Vue Terrace, Inc., 759 F.2d 1094, 1097 (3d _______________ _____________________ Cir. 1985) ("the law is clear that matters of procedural arbitrability, such as time limits, are to be left for the arbitrator"); Automotive, Petroleum & Allied Indus. Employees _________________________________________________ Union, Local 618 v. Town & Country Ford, Inc., 709 F.2d 509 (8th ________________ __________________________ Cir. 1983) (whether grievance was barred from arbitration due to union's alleged failure to submit complaint to employer within five days from notice of discharge, as required by agreement, is question of procedural arbitrability for arbitrator); Hospital & ___________ Inst. Workers Union Local 250 v. Marshal Hale Memorial Hosp., 647 _____________________________ ___________________________ F.2d 38, 40-41 (9th Cir. 1981) (alleged noncompliance with timing requirements of a multiple step procedure is a question for the arbitrator); United Rubber, Cork, Linoleum & Plastic Workers v. _________________________________________________ Interco, Inc., 415 F.2d 1208, 1210 (8th Cir. 1969) (arbitration _____________ ordered despite union's failure to file arbitration within 90 days). The Company has directed us to no cases to the contrary. In Washington Hospital Center, supra, the employer ____________________________ _____ argued that a grievance was not arbitrable because the union failed to follow the timing requirements of the step-grievance process. Relying on John Wiley, the Court of Appeals for the ___________ District of Columbia found that the employer's position on the grievance was "sufficiently frivolous and unreasonable to warrant -13- a fee award." Washington Hosp. Ctr., 746 F.2d at 1510.2 The _____________________ court reasoned that the employer's position was frivolous and unreasonable since it made no attempt to distinguish its case from the facts of John Wiley, and relied solely on an inapposite __________ case from another circuit. Id. at 1510-11. __ The Union in this case relied heavily on John Wiley in __________ its memorandum in support of its motion for summary judgment. Nevertheless, the Company made no attempt to distinguish John ____ Wiley in its responsive memorandum. Indeed, it did not even _____ mention the case. Instead, it relied almost exclusively (although cursorily) on a case from the Massachusetts Court of Appeals decided under state, not federal law. The Company does little better on appeal, citing two pre-John Wiley cases, ___________ including one from this circuit, for the proposition that: "This court has held that it is for 'the courts to determine whether  ____________________ 2 The court noted that John Wiley created a clear and certain ___________ rule with regard to procedural arbitrability. We agree with its comment that: The benefits of the rule's certainty -- that all disputes as to procedural ___ arbitrability are for the arbitrator -- outweigh any countervailing factors. As the Supreme Court said in Wiley, any _____ other rule would engender delay with the potential to 'entirely eliminate the prospect of a speedy arbitrated settlement of the dispute, to the disadvantage of the parties . . . and contrary to the aims of national labor policy.'" Id. at 1512 (quoting John Wiley, 376 U.S. at 558). __ __________ -14- procedural conditions to arbitrate have been met.'"3 As _______________________ demonstrated above, it is clear that this proposition did not survive John Wiley. Moreover, in its sole attempt to distinguish __________ John Wiley, the Company compares the time bar provisions of its __________ collective-bargaining agreement with a wholly immaterial contract provision from John Wiley.4 Finally, the Company has directed ___________ this court to no federal circuit or district court precedent to support its position.  ____________________ 3 The two cases cited are Boston Mut. Life Ins. Co. v. Insurance _________________________ _________ Agents Int'l Union, 258 F.2d 516 (1st Cir. 1958) and Brass & ___________________ _______ Copper Workers Fed. Labor Union No. 19322 v. American Brass Co., __________________________________________ __________________ 272 F.2d 849 (7th Cir. 1959), cert. denied, 363 U.S. 845 (1960). _____ ______ The Company also indicates that one of these cases -- it is somewhat unclear which -- is "quoting from" John Wiley. This is, __________ of course, a rather dubious proposition considering that both cases were decided before John Wiley. We will give the Company __________ the benefit of the doubt that it intended to say "cited in" John ____ Wiley, as both cases are cited therein as examples of circuits _____ that have held that it is for the court to determine procedural questions, John Wiley, 376 U.S. at 556 n.12, a proposition ___________ rejected by John Wiley and its progeny. Supra. __________ _____ 4 The Company's brief states: "Compared with the defendant's contract language which plainly states 'The time limits provided in this Article are conditions precedent for the filing and _________________________________________ processing of grievances under this _________________________________________ Article _______ . . ., we submit that there is no comparison or similarity to Wiley, who's _____ [sic] contract language simply holds 'No dispute alleging discrimination shall be subject to grievance or arbitration unless no remedy therefore is provided . . .'" (emphasis in original). In fact, the actual time bar at issue in John Wiley was very __________ similar to that in this case. It stated that: "The failure of either party to file the grievance within this time limitation shall be construed and be deemed to be an abandonment of the grievance." 373 U.S. at 556 n.11. -15- Under these extraordinary circumstances, we think the Company's position regarding the Singh grievance has been and continues to be frivolous, unreasonable, and without foundation. We conclude that the district court abused its discretion in deciding to the contrary.5 Accordingly, we remand the case to the district court to assess and impose attorneys' fees and costs upon the Company for its refusal to arbitrate the Singh grievance. CONCLUSION CONCLUSION For the reasons stated herein, the decision of the district court is affirmed in part and reversed in part, and the ________________ _________________ case is remanded to the district court for further proceedings ________ consistent with this opinion.  ____________________ 5 In making this determination, we find some significance in the fact that the district court offered virtually no rationale for its decision not to award attorneys' fees on the Singh grievance, despite its recognition that "an 'untimeliness' defense is a classic case of procedural arbitrability that should be decided by the arbitrator . . . ." -16-