United States Court of Appeals
For the First Circuit


No. 95-1794

NORTH ADAMS REGIONAL HOSPITAL,

Plaintiff, Appellee,

v.

MASSACHUSETTS NURSES ASSOCIATION,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge] 


Before

Selya, Boudin, and Lynch, Circuit Judges. 



Fernand J. Dupere, Jr. for appellee. 

Alan J. McDonald, with whom Jack J. Canzoneri and McDonald & 
Associates were on brief, for appellant. 



January 24, 1996


LYNCH, Circuit Judge. When the North Adams LYNCH, Circuit Judge. 

Regional Hospital was required by an arbitrator, as a matter

of contract interpretation, to hire an individual as an

Emergency Room nurse whom the Hospital considered to be

unqualified, the Hospital challenged the arbitrator's award

in federal court. The reviewing court found against the

Hospital on the merits, but also found the Hospital's suit

was not "frivolous, unreasonable, or without foundation," nor

was the suit "simply a delaying tactic." Accordingly, the

court denied the motion for attorneys' fees made by the

Massachusetts Nurses Association. MNA has appealed, claiming

the decision not to award fees was an abuse of discretion.

As it clearly was not, we reject the appeal and affirm.

To state the facts briefly: In 1993 the Hospital

attempted to hire for a core Emergency Room nurse position an

external candidate who was better qualified than any internal

candidate. MNA grieved and the arbitrator held that where a

"qualified" internal candidate was available, the internal

candidate must be hired regardless of the better

qualifications of the external candidate. The crux, for this

appeal, was in the arbitrator's finding that the internal

candidate was at least "minimally qualified" although the

candidate lacked certification in Advanced Cardiac Life

Support ("ACLS"), a skill the Hospital, not unreasonably,

desired. The arbitrator appeared to base this finding on the

testimony of one witness, whom the Hospital argued had said

-3- 3

no such thing. The parties have represented to us that there

was no transcript of the arbitration proceedings.

The Hospital filed suit in the U.S. District Court

challenging the award. Its essential argument was that the

award was based on a "non-fact" and was in violation of

public policy. But for the gross factual error made by the

arbitrator as to whether the internal candidate was

qualified, said the Hospital, the outcome would have been

different. The Hospital argued that while lack of ACLS

qualifications might be tolerable among non-core staff, it

was unacceptable for a core-staff nurse -- who would be for

some periods the person with primary responsibility for

Emergency Room trauma and other cases -- not to be qualified

in advanced cardiac life support techniques. The Hospital

argued that the increased risk to the health and safety of

Emergency Room patients should lead to invalidation of the

arbitrator's award on public policy grounds. Faced with the

deference given by law to arbitral awards and the lack of a

transcript, the district court rejected the challenge on the

merits. The Hospital has not appealed.

Nevertheless, MNA has appealed, claiming that the

district court was plainly wrong in not awarding it its

attorneys' fees and costs arising out of the Hospital's

challenge to the award. MNA argues that United Paperworkers 

Int'l Union v. Misco, Inc., 484 U.S. 29 (1987), so foreclosed 

-4- 4

the Hospital's challenge as to render the challenge

"unreasonable and without foundation" and the district

court's finding to the contrary to be an abuse of discretion.

MNA's position both misreads Misco and the decisions of this 

court.

This court has repeatedly held that an arbitral

award may be challenged on a showing that the award was

"mistakenly based on a crucial assumption that is concededly

a non-fact." Advest, Inc. v. McCarthy, 914 F.2d 6, 8-9 (1st 

Cir. 1990) (emphasis added); see also Local 1445, United Food 

and Commercial Workers Int'l Union v. Stop & Shop Cos., Inc., 

776 F.2d 19, 21 (1st Cir. 1985); Trustees of Boston Univ. v. 

Boston Univ. Chapter, Am. Ass'n of Univ. Professors, 746 F.2d 

924, 926 (1st Cir. 1984); Bettencourt v. Boston Edison Co., 

560 F.2d 1045, 1050 (1st Cir. 1977). The somewhat awkward

phrasing "non-fact" refers to a situation "where the central

fact underlying an arbitrator's decision is concededly

erroneous," Electronics Corp. of Am. v. International Union 

of Electrical Workers, Local 272, 492 F.2d 1255, 1256 (1st 

Cir. 1974), that is, where "there was a gross mistake . . .

made out by the evidence, but for which, according to the

arbitrator's rationale, a different result would have been

reached." Id. at 1257 (internal quotation omitted). 

Prudential-Bache Sec., Inc. v. Tanner, No. 95-1590, slip op. 

at 6-7 (1st Cir. Dec. 29, 1995), recently reaffirmed the

-5- 5

principle. The Hospital's challenge to a "non-fact" was a

recognized ground to attack an arbitral award.

MNA's argument that in any event the Hospital was

foreclosed from mounting a public policy argument under Misco 

is also without merit. Because the Hospital did not cite to

a specific statute or case to support its precise public

policy argument, the argument must be deemed frivolous, the

MNA says. There are three responses.

First, while Misco did discourage public policy 

challenges to an arbitrator's award based on "'general

considerations of supposed public interests,'" 484 U.S. at 43

(quoting W.R. Grace & Co. v. Rubber Workers, 461 U.S. 757, 

766 (1983)), it reaffirmed that such a challenge could be

mounted by "ascertaining" a "well-defined and dominant"

policy "'by reference to the laws and legal precedents.'"

484 U.S. at 43 (quoting W.R. Grace, 461 U.S. at 766). Whether 

such a policy may be ascertained by reference to laws and

legal precedents is ultimately an issue for the courts to 

decide on a challenge to an arbitral award. See Misco, 484 

U.S. at 43. Other courts have recognized that a public

policy challenge may be based not directly on a specific rule

or regulation, but on the stated purpose behind such statute

or regulation. See Exxon Shipping Co. v. Exxon Seamen's 

Union, 993 F.2d 357, 364 (3d Cir. 1993). It was at least 

arguable that there is a public policy in Massachusetts to

-6- 6

protect patients by requiring nurses to be qualified, a

policy established by the Massachusetts regulations defining

the general responsibilities of a registered nurse. See 

Brigham & Women's Hosp. v. Massachusetts Nurses Ass'n, 684 F. 

Supp. 1120, 1125 (D. Mass. 1988). We need not and do not

decide whether such a policy exists, but recognize that the

existence of the argument supports the district court's

finding that the making of the argument did not justify an

award of attorneys' fees. 

Second, MNA's argument, whether meant as such or

not, comes perilously close to inappropriately asking the

court to evaluate the competency of the presentation of the

argument, rather than the merits of the argument itself, for

the purposes of imposition of attorneys' fees. Cf. 

Christiansburg Garment Co. v. Equal Employment Opportunity 

Comm'n, 434 U.S. 412, 422 (1978) (attorneys' fees should not 

be awarded simply because, in hindsight, the claim appears 

unreasonable). The interests served by the attorneys' fees

award rules are vastly different from those served by the law

governing attorney competence, in its various manifestations.

Cf. id. (in deciding whether successful Title VII defendant 

can recover attorneys' fees, court considers interests to be

served by doctrine). Further, while it is true that claims

may be dismissed, and the consequences visited on the client

for the conduct of counsel, see Link v. Wabash R.R. Co., 370 

-7- 7

U.S. 626, 633 (1962), the loss of one's own claims is

different in kind from being penalized for bringing those

claims in the first place. 

Third, MNA's argument does not serve the purposes

of the award of attorneys' fees doctrine, which carves out an

exception to the usual "American Rule". Cf. Christiansburg, 

434 U.S. at 422 (under the "American Rule" litigants

generally pay their own costs). If a public policy challenge

to an arbitral award proves ultimately to be weak, the

challenge will lose on the merits. That the challenge fails

is not by itself a reason to penalize the party making the

challenge. Such a rule would subvert the public interest in

allowing public policy challenges at all to arbitral awards. 

The evaluation of whether such a claim was

frivolous at the outset, or when continued, is initially

committed to the district court. Our review is for abuse of

discretion and MNA has not come close to showing an abuse.

Cf. Local 285, Service Employees Int'l Union v. Nonotuck 

Resource Assoc., Inc., 64 F.3d 735, 738-39 (1st Cir. 1995) 

(finding no abuse of discretion in the refusal to award fees

in an argument presented by the employer which was weak but

arguable; and an abuse of discretion in the refusal to award

fees where the employer presented a type of procedural

argument clearly foreclosed by a long line of precedent).

-8- 8

The decision of the district court is affirmed. 

Costs to the Hospital. 

-9- 9