TRUSTEES OF BOSTON
UNIVERSITY, Plaintiff,
Appellant,

v.

BOSTON UNIVERSITY CHAPTER, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, Defendant, Appellee.

TRUSTEES OF BOSTON
UNIVERSITY, Plaintiff,
Appellee,

v.

BOSTON UNIVERSITY CHAPTER, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, Defendant, Appellant.

Nos. 84–1377, 84–1401.

United States Court of Appeals,
First Circuit.

Argued Sept. 6, 1984.
Decided Oct. 24, 1984.

Stanley R. Strauss, Washington, D.C., with whom Charles I. Cohen, Washington, D.C., Michael B. Rosen, Boston, Mass., and Vedder, Price, Kaufman, Kammholz & Day, Washington, D.C., were on brief, for Trustees of Boston University.

Warren H. Pyle, Boston, Mass., with whom Dahlia C. Rudavsky, and Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, Boston, Mass., were on brief, for Boston University Chapter, American Ass'n of University Professors.

Before COFFIN and BOWNES, Circuit Judges, and SELYA,* District Judge.

* Of the District of Rhode Island, sitting by desig-

PER CURIAM.

In this appeal, the Trustees of Boston University urge that an arbitrator acted beyond his contractual authority in awarding merit and equity pay increases to three of the University's faculty, and that the district court erred in refusing to vacate the awards. The Boston University Chapter of the American Association of University Faculty (the Union), which is the collective bargaining agent for the faculty, cross-appeals alleging that the University's petition for judicial review, filed under 29 U.S.C. § 185, was utterly lacking in merit and should result in our taxing the Trustees for the attorney fees the Union incurred because it was forced to defend a frivolous action. We affirm the district court's opinion in all respects.

The facts are undisputed. The Trustees and the defendant Union are parties to a collective bargaining agreement. Article XVI of that agreement provides for merit and equity increases. Under that article, a faculty committee from each of the University's schools is required to establish guidelines for the allocation of merit and equity increases, subject to ratification by the school's dean. The collective bargaining agreement sets out in great detail the procedures by which individual merit and equity increases are to be decided. There are several levels of review, beginning with the faculty member's department, and concluding internally with a decision by the University's Provost. If a faculty member is displeased with the merit or equity increase awarded, or not awarded, through this system, he or she may institute grievance proceedings, or the Union may do so on the aggrieved individual's behalf.

At issue in this action are four decisions of an arbitrator made pursuant to the grievance procedures. The Trustees first seek to set aside a portion of the arbitrator's "General Submissions" decision in which the arbitrator outlined his interpretation of his power under the collective bargaining agreement to arbitrate merit and

equity increases. The Trustees challenge the arbitrator's rejection of their argument that the collective bargaining agreement limited the arbitrator's review of merit and equity increases to consideration of whether the contract's procedural requirements had been followed. Instead, the arbitrator ruled that the collective bargaining agreement gave him the power to make independent judgments on these issues, in accordance with the guidelines adopted by the faculty of the appropriate school.

The Trustees also seek to vacate the arbitrator's monetary awards to Professors Lawrence Wortzel, Chris Theodore, and Eugene Green. Based on his interpretation of the collective bargaining agreement, and his powers under it, the arbitrator awarded Wortzel a $4,000 equity increase. He also increased the merit raises of Theodore and Green; Theodore's by $200; Green's by $500. The Trustees argue that these awards resulted from the arbitrator's erroneous interpretation of his powers under the collective bargaining agreement. The Trustees also assert that the arbitration awards were not supported by the evidence.

■ As the district court ruled, an arbitrator's interpretation of a collective bargaining agreement is entitled to substantial deference. The Supreme Court recently reaffirmed this principle in *W.R. Grace v. Rubber Workers Local 759*, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983):

> Under well established standards for the review of labor arbitration awards, a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 [80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424] (1960). When the parties include an arbitration clause in their collective bargaining agreement, they choose to have disputes concerning constructions of the contract resolved by an arbitrator. Unless the arbitral decision does not "dra[w] its essence from

the collective bargaining agreement," *id.* at 597 [80 S.Ct. at 1361], a court is bound to enforce the award and is not entitled to review the merits of the contract dispute.

■ We have examined the contract's provisions relating to merit and equity increases, and reviewed the arbitrator's interpretation of his responsibilities in deciding grievances relating to these matters. To overturn the arbitrator's view of his role, the Trustees must show that it is:

> "unfounded in reason and fact," is based on reasoning "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling," or is mistakenly based on a crucial assumption which is "concededly a non-fact."

*Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1050 (1st Cir.1979) (citations omitted) (quoting *Brotherhood of Railroad Trainmen v. Central Georgia Railway Co.*, 415 F.2d 403, 415 (5th Cir.1969), *cert. denied*, 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1970); *Safeway Stores v. American Bakery and Confectionery Workers, Local 111*, 390 F.2d 79, 82 (5th Cir.1968); *Electronics Corp. of America v. IUE, Local 272*, 492 F.2d 1255, 1257 (1st Cir.1974)). We agree with the district court that the Trustees have not met that burden here. Although the collective bargaining agreement does not provide a completely unambiguous instruction on these issues, we cannot dispute the district court's finding that "the arbitrator's view of the question is at least as sensible as the Trustees'" and should be enforced.

The essence of the Trustees' position is that as an academic institution, the University would not have bargained away the final authority to determine faculty salary and merit disputes because such decisions require "academic judgments" that they are peculiarly qualified to make. Thus, the Trustees would have us apply an extra-contractual *post hoc* rule of contract interpretation that would preempt settled rules governing judicial treatment of arbitrated labor disputes solely because the dispute occurred in an academic setting. There is

no precedent for such a rule, nor are there any valid policy reasons that would counsel us to abrogate the expressed intentions of the parties congealed in the contract. The labor contract at issue here plainly provided for arbitration of merit and equity disputes under a classic arbitration model. Articles XVI(B)(6); XXVI. Where certain decisions were excepted from this arbitration procedure, such as tenure decisions, the contract stated that fact unambiguously, *viz.*, "[t]he decision of the Trustees shall be final and not subject to the grievance procedure." Article V(C)(8). The contract's plain language rebuts the Trustees' position.

We also affirm the district court's ruling that the evidence of record supported the individual awards.

■ That brings us to the issue of attorney's fees. The defendant Union urges that because the Trustees' petition to the courts for review of the arbitration awards involved nothing more than a disagreement about contract interpretation, which was reserved to the arbitrator, the appeal must be ruled frivolous and "without justification." *Courier-Citizen Co. v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 282 (1st Cir.1983). Such a ruling, the Union claims, would entitle it to attorney's fees. *Id.; International Association of Machinists v. Texas Steel Co.* 639 F.2d 279, 283 (5th Cir.1981).

The Union is correct that, while the University styled its claim as an attack on *ultra vires* actions of the arbitrator in making the contested awards, the contract plainly left disputes regarding contract interpretation—including the scope of the arbitrator's authority—in the hands of the arbitrator. "Grievances involving application or interpretation of the provisions of this Agreement" are reserved for final and binding arbitration. Article XXVI. What the Union does not recognize, however, is that "[a] district court's refusal to award attorney's fees in these circumstances is subject to review only for abuse of discretion." *International Association of Machinists v. Texas Steel Co.*, 639 F.2d at 283.

We cannot say that the district court abused its discretion in not awarding attorney's fees.

We believe, however, that the district court opinion should have removed any reasonable doubt on the part of the University regarding the arbitrator's authority. We therefore consider the Trustees' appeal to be frivolous, justifying invocation of our authority under Federal Rule of Appellate Procedure 38 to assess double costs.

*Affirmed.*

Double costs awarded in favor of the Union.