**NORTH ADAMS REGIONAL HOSPITAL, Plaintiff, Appellee,**

v.

**MASSACHUSETTS NURSES ASSOCIATION, Defendant, Appellant.**

**No. 95–1794.**

United States Court of Appeals, First Circuit.

Heard Jan. 10, 1996.

Decided Jan. 24, 1996.

Fernand J. Dupere, Jr., East Longmeadow, MA, for appellee.

Alan J. McDonald, with whom Jack J. Canzoneri and McDonald & Associates, Newston, MA, were on brief, for appellant.

Before SELYA, BOUDIN, and LYNCH, Circuit Judges.

LYNCH, Circuit Judge.

When the North Adams Regional Hospital was required by an arbitrator, as a matter of contract interpretation, to hire an individual as an Emergency Room nurse whom the Hospital considered to be unqualified, the Hospital challenged the arbitrator's award in federal court. The reviewing court found against the Hospital on the merits, but also found the Hospital's suit was not "frivolous, unreasonable, or without foundation," nor was the suit "simply a delaying tactic." Accordingly, the court denied the motion for attorneys' fees made by the Massachusetts Nurses Association. MNA has appealed, claiming the decision not to award fees was an abuse of discretion. As it clearly was not, we reject the appeal and affirm.

To state the facts briefly: In 1993 the Hospital attempted to hire for a core Emergency Room nurse position an external candidate who was better qualified than any internal candidate. MNA grieved and the arbitrator held that where a "qualified" internal candidate was available, the internal candidate must be hired regardless of the better qualifications of the external candidate. The crux, for this appeal, was in the arbitrator's finding that the internal candidate was at least "minimally qualified" although the candidate lacked certification in Advanced Cardiac Life Support ("ACLS"), a skill the Hospital, not unreasonably, desired. The arbitrator appeared to base this finding on the testimony of one witness, whom the Hospital argued had said no such thing. The parties have represented to us that there was no transcript of the arbitration proceedings.

The Hospital filed suit in the U.S. District Court challenging the award. Its essential argument was that the award was based on a "non-fact" and was in violation of public policy. But for the gross factual error made by the arbitrator as to whether the internal

candidate was qualified, said the Hospital, the outcome would have been different. The Hospital argued that while lack of ACLS qualifications might be tolerable among non-core staff, it was unacceptable for a core-staff nurse—who would be for some periods the person with primary responsibility for Emergency Room trauma and other cases—not to be qualified in advanced cardiac life support techniques. The Hospital argued that the increased risk to the health and safety of Emergency Room patients should lead to invalidation of the arbitrator's award on public policy grounds. Faced with the deference given by law to arbitral awards and the lack of a transcript, the district court rejected the challenge on the merits. The Hospital has not appealed.

■ Nevertheless, MNA has appealed, claiming that the district court was plainly wrong in not awarding it its attorneys' fees and costs arising out of the Hospital's challenge to the award. MNA argues that *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), so foreclosed the Hospital's challenge as to render the challenge "unreasonable and without foundation" and the district court's finding to the contrary to be an abuse of discretion. MNA's position both misreads *Misco* and the decisions of this court.

This court has repeatedly held that an arbitral award may be challenged on a showing that the award was "mistakenly based on a crucial assumption that is concededly a *non-fact.*" *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8–9 (1st Cir.1990) (emphasis added); *see also Local 1445, United Food and Commercial Workers Int'l Union v. Stop & Shop Cos., Inc.*, 776 F.2d 19, 21 (1st Cir.1985); *Trustees of Boston Univ. v. Boston Univ. Chapter, Am. Ass'n of Univ. Professors*, 746 F.2d 924, 926 (1st Cir.1984); *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1050 (1st Cir.1977). The somewhat awkward phrasing "non-fact" refers to a situation "where the central fact underlying an arbitrator's decision is concededly erroneous," *Electronics Corp. of Am. v. International Union of Electrical Workers, Local 272*, 492 F.2d 1255, 1256 (1st Cir.1974), that is, where "there was a gross mistake ... made out by the evidence, but for which, according to the arbitrator's rationale, a different result would have been reached." *Id.* at 1257 (internal quotation omitted). *Prudential–Bache Sec., Inc. v. Tanner*, 72 F.3d 234, 237–38 (1st Cir.1995), recently reaffirmed the principle. The Hospital's challenge to a "non-fact" was a recognized ground to attack an arbitral award.

MNA's argument that in any event the Hospital was foreclosed from mounting a public policy argument under *Misco* is also without merit. Because the Hospital did not cite to a specific statute or case to support its precise public policy argument, the argument must be deemed frivolous, the MNA says. There are three responses.

■ First, while *Misco* did discourage public policy challenges to an arbitrator's award based on " 'general considerations of supposed public interests,' " 484 U.S. at 43, 108 S.Ct. at 373 (quoting *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 766, 103 S.Ct. 2177, 2183–84, 76 L.Ed.2d 298 (1983)), it reaffirmed that such a challenge could be mounted by "ascertaining" a "well-defined and dominant" policy " 'by reference to the laws and legal precedents.' " 484 U.S. at 43, 108 S.Ct. at 373 (quoting *W.R. Grace*, 461 U.S. at 766, 103 S.Ct. at 2183–84). Whether such a policy may be ascertained by reference to laws and legal precedents is ultimately an issue for the *courts* to decide on a challenge to an arbitral award. *See Misco*, 484 U.S. at 43, 108 S.Ct. at 373–74. Other courts have recognized that a public policy challenge may be based not directly on a specific rule or regulation, but on the stated purpose behind such statute or regulation. *See Exxon Shipping Co. v. Exxon Seamen's Union*, 993 F.2d 357, 364 (3d Cir.1993). It was at least arguable that there is a public policy in Massachusetts to protect patients by requiring nurses to be qualified, a policy established by the Massachusetts regulations defining the general responsibilities of a registered nurse. *See Brigham & Women's Hosp. v. Massachusetts Nurses Ass'n*, 684 F.Supp. 1120, 1125 (D.Mass.1988). We need not and do not decide whether such a policy exists, but recognize that the existence of the argument supports the district court's finding that the

making of the argument did not justify an award of attorneys' fees.

Second, MNA's argument, whether meant as such or not, comes perilously close to inappropriately asking the court to evaluate the competency of the presentation of the argument, rather than the merits of the argument itself, for the purposes of imposition of attorneys' fees. *Cf. Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978) (attorneys' fees should not be awarded simply because, *in hindsight*, the claim appears unreasonable). The interests served by the attorneys' fees award rules are vastly different from those served by the law governing attorney competence, in its various manifestations. *Cf. id.* (in deciding whether successful Title VII defendant can recover attorneys' fees, court considers interests to be served by doctrine). Further, while it is true that claims may be dismissed, and the consequences visited on the client for the conduct of counsel, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962), the loss of one's own claims is different in kind from being penalized for bringing those claims in the first place.

Third, MNA's argument does not serve the purposes of the award of attorneys' fees doctrine, which carves out an exception to the usual "American Rule". *Cf. Christiansburg*, 434 U.S. at 422, 98 S.Ct. at 700–01 (under the "American Rule" litigants generally pay their own costs). If a public policy challenge to an arbitral award proves ultimately to be weak, the challenge will lose on the merits. That the challenge fails is not by itself a reason to penalize the party making the challenge. Such a rule would subvert the public interest in allowing public policy challenges at all to arbitral awards.

The evaluation of whether such a claim was frivolous at the outset, or when continued, is initially committed to the district court. Our review is for abuse of discretion and MNA has not come close to showing an abuse. *Cf. Local 285, Service Employees Int'l Union v. Nonotuck Resource Assoc., Inc.*, 64 F.3d 735, 738–39 (1st Cir.1995) (finding no abuse of discretion in the refusal to

award fees in an argument presented by the employer which was weak but arguable; and an abuse of discretion in the refusal to award fees where the employer presented a type of procedural argument clearly foreclosed by a long line of precedent).

The decision of the district court is *affirmed. Costs to the Hospital.*