

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2009

# Local Union 943 United Steel P v. EI DuPont De Nemours

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1911

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Local Union 943 United Steel P v. EI DuPont De Nemours" (2009). *2009 Decisions.* Paper 1079.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1079

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 08-1911

---

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED-INDUSTRIAL AND SERVICE WORKERS
LOCAL UNION 943

v.

E.I. DUPONT DE NEMOURS AND COMPANY
                                                        Appellant

(D.C. Civil Action No. 07-cv-0965)

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED-INDUSTRIAL AND SERVICE WORKERS
LOCAL UNION 943

v.

DUPONT PERFORMANCE ELASTOMERS, L.L.C.,
                                                        Appellant

(D.C. Civil Action No. 07-cv-1005)

---

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action Nos. 07-cv-0965 & 07-cv-1005
(Honorable Robert B. Kugler)

---

No. 08-2510

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, AFL-CIO-CLC;
UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS
LOCAL 4-786

v.

E.I. DUPONT DE NEMOURS AND COMPANY,

Appellant

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 07-cv-0126
(Honorable Joseph J. Farnan)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2009

Before:  SLOVITER and HARDIMAN, *Circuit Judges*,
and POLLAK, *District Judge**

(Filed July 2, 2009)

OPINION OF THE COURT

_____

*The Honorable Louis H. Pollak, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

POLLAK, District Judge

In these two consolidated cases, plaintiffs are unions seeking to compel

defendants, employers of the unions' members, to arbitrate plaintiffs' grievances about

unilateral changes the defendants have made to employee benefit plans. In both cases,

summary judgment was granted in favor of the unions on the grounds that (1) a collective

bargaining agreement ("CBA") between the parties provides for arbitration, and (2) there

is no strong and forceful evidence that the parties intended to exclude these disputes from

arbitration. We agree and will affirm.[1]


I.

Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-

Industrial and Service Workers Local Union 943 ("Local 943" or the "New Jersey

Union") is a union representing certain employees of both defendant E.I. DuPont de

Nemours & Company ("DuPont") and defendant DuPont Performance Elastomers, L.L.C.

("DPE")[2] who work in Deepwater, New Jersey. Plaintiffs United Steel, Paper and

Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers

International Union AFL-CIO-CLC (the "International Union") and Service Workers

Local 4-786 ("Local 4-786") (collectively the "Delaware Union") represent certain

---

[1] The District Court had jurisdiction over this case pursuant to 29 U.S.C. § 185 and 28 U.S.C. §§ 1331 and 1337. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] DPE is a DuPont affiliate.

employees of defendant DuPont who work in Edge Moor, Delaware.

Employees of both DuPont and DPE are eligible to participate in employee benefit plans that DuPont maintains pursuant to, and subject to, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* For each of the plans at issue in this case, DuPont or its designee (the Plan Administrator acting as an ERISA fiduciary) is charged with making eligibility decisions as to who qualifies (or does not) for coverage by the plan. The Summary Plan Description ("SPD") for each plan also includes a dispute resolution procedure. None of the SPDs for the benefit plans at issue in this case includes a provision for arbitration.

The New Jersey Union is the exclusive bargaining representative for those employees it represents, and the Delaware Union is the exclusive bargaining representative for those employees it represents. The New Jersey Union is party to two identical CBAs with DuPont (the "New Jersey DuPont CBAs") and one CBA with DPE (the "DPE CBA"). The Delaware Union is party to a single CBA with DuPont (the "Delaware CBA"). Each of the three CBAs signed by the New Jersey Union includes an identical arbitration clause,[3] which provides, in pertinent part: "A grievance relating to the interpretation or to any alleged violation of this Agreement not settled to the mutual satisfaction of either party by . . . the grievance procedure may be submitted to arbitration on written request of either party." Article VII of the CBA signed by the Delaware

---

[3] That clause is contained in Article XI of the New Jersey DuPont CBA and Article X of the DPE CBA.

Union, entitled "Arbitration," states:

> Any question as to the interpretation, or any alleged violation, of any provision of this Agreement, as defined in Section 3 of Article III, which is not otherwise settled to the mutual satisfaction of the parties hereto, at the request of either party, shall be submitted to arbitration in the manner provided in Section 2 of this Article.

On August 28, 2006, DuPont sent an email to all its U.S. employees announcing several changes to its employee benefit offerings, including, *inter alia*, (1) the elimination, for all employees hired on or after January 1, 2007, of eligibility for DuPont's Pension Plan, Savings and Investment Plan ("SIP"), Dental Assistance Plan ("Dental Plan"), Medical Care Assistance Program ("MEDCAP"), and Beneflex Life Insurance Plan ("Life Insurance Plan"),[4] and (2) the reduction, for all then-existing employees, of benefits from the Pension Plan and SIP.

The unions filed grievances alleging that the announced benefit-plan changes violated their respective collective bargaining agreements. Specifically, Local 943 alleged that the changes to the Pension Plan and SIP violated the "Industrial Relations Plans and Practices" ("IRPP") provision, which appears identically in Article VII of both the New Jersey Dupont CBAs and the DPE CBA.[5] That IRPP states, in pertinent part:

---

[4] The amendments also reduced these employees' available benefits under the Beneflex Vacation Buying Plan (the "Vacation Plan").

[5] Following the IRPP provision, Article VII of each of these CBAs includes a list of plans and practices to which the provision applies. In the New Jersey DuPont CBA, the list includes three plans to which DuPont made changes: the Pension Plan, SIP, and Dental Plan. In the DPE CBA, the list includes two plans to which DuPont made changes: the Pension Plan and the SIP. The DPE CBA's Article VII also contains a section, not contained in the New Jersey DuPont CBA, requiring DPE to provide "benefits as provided by the Company's Beneflex Benefits

> All existing privileges heretofore enjoyed by the employees in accordance with the following Industrial Relations Plans and Practices of the COMPANY and of the PLANT shall continue, subject to such rules, regulations, and interpretations as existed prior to the signing of this Agreement, and to such modifications thereof, as may be hereafter adopted generally by the COMPANY or by the PLANT to govern such privileges; provided, however, that as long as any one of these COMPANY Plans and Practices is in effect at any other PLANT within the COMPANY, it shall not be withdrawn from the employees covered by this Agreement.

The nub of Local 943's grievance is that the IRPP imposes restrictions on DuPont's ability to modify or withdraw benefits, and that the amendments DuPont announced on August 28, 2006 violated those restrictions. Using the same logic, Local 943 also alleges a violation of the "Hospital and Medical-Surgical Coverage" provision of the New Jersey DuPont CBA (contained at Article XVI), which requires DuPont to provide medical coverage through MEDCAP or, in the alternative, to make premium payments for alternate coverage to an approved Health Maintenance Organization ("HMO").

The Delaware Union's grievance alleged a violation of the IRPP provision of the Delaware CBA, contained in Article IX. That IRPP provides:

> All existing privileges heretofore enjoyed by the employees in accordance with the following Industrial Relations Plans and Practices of the Company shall continue, subject to the provisions of such Plans and to such rules, regulations and interpretations as existed prior to the signing of this Agreement, and to such modifications thereof as may be hereafter adopted generally by the Company to govern such privileges; provided, however, that as long as any one of these Company Plans and Practices is in effect within the Company, it shall not be withdrawn from the employees covered by this Agreement; and provided, further, that any change in the Industrial Relations Plans and Practices which has the effect of reducing or terminating benefits will not be

---

Plans." Those Beneflex Plans were affected by DuPont's August 2006 amendments.

made effective until one (1) year after notice to the Union by the Plant of such change.

The Delaware Union claims that DuPont's elimination and/or modification of the Pension Plan, the SIP, and Life Insurance Plan violated this provision.[6]

Each union requested that its respective grievance(s) be submitted to arbitration, pursuant to the arbitration clause of the applicable CBA(s). DuPont contends that it is not contractually obligated to submit any of these grievances to arbitration, and it has refused to do so. In each of these consolidated cases, the District Court has disagreed with defendants, granted summary judgment for plaintiffs, and ordered defendants to submit to arbitration.

## II.

We review a district court's grant of summary judgment *de novo*. *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 199 (3d Cir. 2001). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *IFC Interconsult, AG v. Safeguard Int'l Partners, L.L.C.*, 438 F.3d 298, 317 (3d Cir. 2006).

---

[6] Like the New Jersey CBAs, the Delaware CBA includes a list of plans and practices to which its IRPP provision applies. That list in the Delaware CBA includes the Pension Plan, SIP, and Life Insurance Plan.

III.

Appellants contend that the appellees' grievances are disputes over benefit eligibility and thus should be resolved using the dispute resolution provisions of the SPDs rather than the CBAs. Moreover, appellants claim, ERISA mandates that benefit eligibility disputes of this nature should be resolved by the designated ERISA fiduciary.

"Our national labor policy evinces a strong preference for peaceful, self-resolution of labor-management disputes." *Bell-Atlantic-Penn. v. Commc'ns Workers of Am., Local 13000*, 164 F.3d 197, 200-01 (3d Cir. 1999) (citations omitted). The Supreme Court has instructed that the presence of an arbitration clause in a contract creates a presumption that a grievance is arbitrable "'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (citations omitted). The presumption in favor of arbitrability applies with particular force when an arbitration clause is "broad." *Id.* In order to overcome the presumption of arbitrability that applies to a broad arbitration clause, a party must point to either an "'express provision excluding a particular grievance from arbitration'" or "'forceful evidence of a purpose to exclude the claim from arbitration.'" *Id.* (citations omitted).

The arbitration clauses at issue here are broadly worded. The New Jersey CBAs provide for arbitration of grievances "relating to the interpretation or to any alleged violation" of those CBAs, while the Delaware CBA provides for arbitration of "[a]ny question as to the interpretation, or any alleged violation, of any provision of" that CBA.

There is no express provision in any of these CBAs that excludes appellees' grievances. Therefore the presumption in favor of arbitrability applies, and appellants can overcome that presumption only by showing forceful evidence of a purpose to exclude these claims from arbitration.

There is no forceful evidence that the parties did not intend to submit these disputes to arbitration. Appellants' arguments hinge on their characterization of appellees' grievances as disputes about "benefit eligibility." However, we agree with the Second Circuit's analysis of DuPont's identical argument in a related case: "The disputed issue is not whether any particular employee is eligible under the terms of the plan, but rather whether DuPont violated the CBA by unilaterally modifying [its] terms." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Local 4-5025 v. E.I. DuPont de Nemours & Co.*, 565 F.3d 99, 101 (2d Cir. 2009).

Moreover, the SPDs' dispute resolution procedures provide no mechanism for challenges to plan amendments, and they only permit an individual – and not the union – to challenge eligibility for the plans *as amended*. Thus, to accept DuPont's characterization of the appellees' grievances would eliminate any opportunity for a meaningful challenge to DuPont's unilateral plan amendments, thwarting the purpose of the CBAs' IRPP provisions and arbitration clauses. Accordingly, and because appellees' grievances are *not* disputes about benefit eligibility but rather constitute arguments that DuPont has violated the CBA, we will affirm in both cases.

IV.

For the reasons given, we will affirm both the judgment of the District Court for the District of New Jersey and the judgment of the District Court for the District of Delaware.